Edward Greenberg, Esq. (ECG 5553)
GREENBERG & REICHER LLP
50 East 42nd St. 17th Floor
New York, NY 10017
(212) 697-8777

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MICHAEL GRECCO

                         Plaintiff,

     - against -

GAWKER MEDIA

                         Defendants.
-------------------------------------------------------------------x

ECF Case

**COMPLAINT**

JURY TRIAL
DEMANDED

06 CV 441

     Plaintiff, MICHAEL GRECCO by his attorneys, GREENBERG & REICHER, LLP., alleges as follows:

### PARTIES

     1. At all times hereinafter mentioned, Michael Grecco was, and still is, a highly regarded professional photographer doing business under the corporate name MICHAEL GRECCO PHOTOGRAPHY, INC. (Hereinafter "GRECCO").

     2. At all times hereinafter mentioned, plaintiff was and still is, doing business in the State of New York and is actively engaged in the photography business in the State of New York and elsewhere.

     3. The defendant GAWKER MEDIA is, upon information and belief, a New York

corporation, authorized to do business in the state of New York, with its principal place of business at 76 Crosby Street, New York, NY 10012.

4. The defendant GAWKER MEDIA is, upon information and belief, a foreign corporation, authorized to do business in the state of New York, with its principal place of business at 76 Crosby Street, New York, NY 10012.

## JURISDICTION AND VENUE

5. This is a civil action for copyright infringement.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

7. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. 1400.

## FACTS COMMON TO ALL CLAIMS

8. GRECCO is an award winning successful celebrity photographer of considerable reputation.

9. That based on his name recognition, reputation and expertise as a professional photographer, Michael Grecco is and has been a spokesperson, lecturer and/or compensated endorser for such leading corporations in the photographic field such as Kodak, Hasselblad, SanDisk, Canon and Dyna-Lite. That the use of Michael Grecco's name and reputation in connection with *inter alia,* product endorsements is sought after and plaintiff is compensated thereby.

10. That plaintiff's work has been featured on the cover and/or in leading publications distributed worldwide including but not limited to: People, Time, Newsweek, Business Week, Entertainment Weekly, Premier, New York Magazine and Movieline.

11. That plaintiff's images have been utilized in connection with countless advertising

campaigns by major corporations including but not limited to: Nortel; Disney; ABC; Sprint and IBM.

12.  The copyrights and registrations in all of the images relevant herein belong to the plaintiff and no transfer, sale or assignment of same has taken place with respect to the images which are the subject of this complaint.

13.  That plaintiff, both directly and through its authorized agents, licenses and leases rights of reproduction, in the United States and throughout the world, to original photographic transparencies, photographs, slides, and visual reproductions (hereinafter "images") created by Grecco.

14.  That plaintiff derives income from fees received resulting from such licensing and would have derived fees from the licensing of the subject image.

15.  That GAWKER MEDIA is an internet based company which publishes numerous "blogs" relating to specific subjects, including but not limited to celebrities and media culture.

16. In or about July 21, 1999 the plaintiff created an image of actor/comedian Andy Dick as part of an editorial assignment for Time Magazine.

17.  The plaintiff retained copyright in the subject image and registered the image on September 13, 1999, copyright registration (Vau 468-398).

18.  Upon information and belief, beginning in or about December 2005, the plaintiff's image of Andy Dick was utilized by the defendant's website defamer.com to illustrate a story entitled "Andy Dick Lives to 40".

19.  The plaintiff, through counsel, contacted Gawker Media via a letter dated December 28, 2005, notifying the defendant of the unauthorized use and giving them seven days to respond.

20. Having had no response after seven days, the plaintiff, through counsel notified Gawker Media in writing on January 5th, 2006 of his intent to proceed with legal action.

21. The defendant, through its Director Gaby Darbyshire, at last contacted plaintiff's counsel on January 9, 2006.  Ms. Darbyshire, who was not the addressee of plaintiff's prior letters, explained that there had been no response sooner because she had been away and the company itself was 'web based and did not open its paper mail every day'.

22. Plaintiff's counsel orally renewed Grecco's request for disclosure of the source of the subject image as well as removal of same from the defamer.com site.

23. The image was removed from Defamer.com on January 9, 2006, subsequent to the phone conversation, however the defendant has failed and refused to disclose the source of subject image, indicating only that its editor found it "on another site".

24. In an email dated January 11, 2006, Ms. Darbyshire stated that "you must understand that our editors sometimes come across an image somewhere and believe that, if cropped and substantially altered from the original, and used simply to illustrate a relevant commentary, they are doing nothing wrong".

25. Upon information and belief, web sites operated by the defendant make daily use of images created by third parties, without having procured licenses for the use of same.

26. It is defendants' custom and practice to harvest photos from third party web sites without attempting to ascertain the actual ownership of said intellectual property and without obtaining a license for the use of same.

27. Upon information and belief, as a result of such conduct, the defendant has on more than one occasion been contacted by copyright holders or their authorized agents demanding that

it remove potentially infringing content.

28. Upon information and belief, despite being the recipient of more than one such prior notice, the defendant has utterly failed and/or willfully chosen not to put policies in place regarding rights clearances and the licensing of photography.

29. Upon information and belief, despite being the recipient of more than one such prior notice, the defendant continues to allow its employees, agents and staff to appropriate content from third parties and directly utilize same on web sites owned, operated and/or controlled by the defendant in utter disregard of copyright law.

30. That plaintiff and defendant do not have any business relationship whatsoever nor has defendant sought to obtain a license from plaintiff for any reason whatsoever.

31. That the subject image was directly hosted by the defendant on its defamer website and was not displayed via a link or frame from any other website.

32. That the subject image is displayed on the plaintiff's web site

### FIRST CLAIM FOR RELIEF

**Copyright Infringement
Under Section 501 of the Copyright Act
Against GAWKER MEDIA**

33. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. That the use(s) of the subject image on <www.defamer.com> was without the plaintiff's authorization, license or consent.

35. The aforementioned acts of the Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted

the plaintiff GRECCO as copyright holder.

36. Defendant's use of the subject image was willful, intentional and in bad faith.

37. As a result of Defendant's acts, Plaintiff has been and will continue to be damaged in an amount as yet undetermined.

38. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

## SECOND CLAIM FOR RELIEF

### Copyright Infringement
### Under Section 501 of the Copyright Act
Against  GAWKER MEDIA

39. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. That the use(s) of the subject image on <www.defamer.com> was without the plaintiff's authorization, license or consent.

41. The aforementioned acts of the Defendant constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted the plaintiff GRECCO as copyright holder.

42. Defendant's use of the subject image was negligent.

43. As a result of Defendant's acts, Plaintiff has been and will continue to be damaged in an amount as yet undetermined.

44. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504

and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of Defendant's copyright infringement.

THIRD CLAIM FOR RELIEF

Breach of Contract
Against GAWKER MEDIA

45. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. Upon information and belief the defendant procured the subject image from the plaintiff's web site <www.michaelgrecco.com>

47. The plaintiff's web site bears a click-through agreement, acceptance of the terms of which is required as a prerequisite for viewing the web site.

48. The terms of that agreement provide as follows:

The terms of use set forth in the website user agreement constitute a legal agreement between you and Michael Grecco Photography, Inc. ("Grecco").  If you do not agree to the terms of use, please do not use this site.  This site is owned and operated by Grecco.  All of the contents featured or displayed on this site, including, but not limited to photographs, images, graphics, moving images, text, sound, illustrations and software ("Content"), are owned by Grecco and/or its content providers.  All elements of this site, including, but not limited to, the general design and the Content, are protected by trade dress, copyright, moral rights, trademark and other laws relating to intellectual property rights including contract law pursuant to this agreement.  No Content may be copied, reproduced, republished, uploaded, posted, transmitted, or distributed in any way, without Grecco's prior written permission, except that you may view the Content on any single computer monitor for your personal, non-commercial use only, provided you keep intact, without change all copyright and other proprietary notices.  Modification of the Content or use of the Content for any other purpose is a violation of Grecco's copyright and/or other proprietary rights.  THE PHOTOGRAPHIC IMAGES ON THIS SITE ARE NOT ROYALTY-FREE.  You agree to indemnify Grecco and its affiliates against all losses, liabilities, expenses, costs or damages, including attorneys' fees incurred by any or all of them as a result of your breach of the terms of this agreement or your unauthorized use of the Content.

49. Upon information and belief the defendant visited the plaintiff's web site and

assented to the above-terms and conditions.

50. Upon information and belief the defendant procured the subject image from the plaintiff's web site in direct contravention of the afore-referenced terms and conditions.

51. The defendant's action constitute a breach of contract for which the plaintiff is entitled to damages in a sum ultimately to be determined by this Court and to attorneys' fees and such other relief as this Court deems just and proper.

FOURTH CLAIM FOR RELIEF

Vicarious Liability for Copyright Infringement
Under Section 501 of the Copyright Act
Against GAWKER MEDIA

52. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. That Gawker Media infringed the plaintiff's copyright in the subject image as set forth in more detail above.

54. That, upon information and belief all images uploaded to defamer.com are simultaneously or soon thereafter displayed and made available for download and use on slide.com whereon the defendant has a "group".

55. Upon information and belief the subject image was so available.

56. That the publication and distribution of the subject image by and through <slide.com> was without the plaintiff's knowledge or consent.

57. That the aforementioned acts of the defendant constitute federal statutory copyright infringement in violation of the exclusive rights granted the plaintiff as the copyright holder in the subject image under Section 501 of the Copyright Act.

58. That the defendant was at all times relevant herein fully aware that it was not the creator and copyright holder in the subject image.

59. That the defendant is vicariously liable for the infringements committed by <slide.com>.

60. As a result of the defendant's actions the plaintiff has been damaged in an amount as yet undetermined.

61. That plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101, et., seq., given the willful, intentional malicious and bad faith nature of defendant's copyright infringement.

WHEREFORE, the plaintiff demands judgment as against the defendant as follows:

ON THE FIRST CLAIM FOR RELIEF- an award of the maximum statutory damages in an amount of not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. §504 and for an order enjoining GAWKER MEDIA from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

ON THE SECOND CLAIM FOR RELIEF- an award of the maximum statutory damages in an amount of not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. §504 and for an order enjoining Discountcoffee from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

ON THE THIRD CLAIM FOR RELIEF - an award of damages in a sum ultimately to be determined by this Court and to attorneys' fees and such other relief as this Court deems just and

proper;

ON THE FOURTH CLAIM FOR RELIEF- an award of the maximum statutory damages in an amount of not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. §504 and for an order enjoining GAWKER MEDIA from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper.

Dated: New York, NY
January 20, 2006

Yours, etc.,

_____
Edward Greenberg, Esq. (ECG 5553)
GREENBERG & REICHER LLP
50 East 42nd St. 17th Floor
New York, NY 10017
(212) 697-8777

Attorneys for Plaintiff